# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

AMY HOOK,

      Plaintiff,

v.

WAL-MART STORES, INC. d/b/a WAL-MART,

      Defendant.

CASE NO. 4:14-cv-391

**NOTICE OF REMOVAL**

Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") notifies the Court that it has removed the above-referenced action from the Iowa District Court in and for Union County, Case No. LACV017649, pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. In support of its removal, Defendant states as follows:

1. This action is being removed to Federal Court based upon federal question jurisdiction and diversity of citizenship jurisdiction.

2. Plaintiff, Amy Hook ("Hook"), filed the above-entitled civil action in the Iowa District Court in and for Union County. Defendant was served with the Petition on September 9, 2014, and therefore has timely removed this case. The action is wholly civil in nature; the United States District Court for the Southern District of Iowa, Central Division, has original jurisdiction under 28 U.S.C. § 1331 and § 1332; and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441 and 1446.

3. This Court has federal question jurisdiction over the action because Hook's Petition seeks relief under federal statutes, specifically Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as amended (Petition at ¶ 1).

4.      This Court also has diversity of citizenship jurisdiction over the action because Plaintiff established that the controversy is between citizens of different states. Hook states that her citizenship is in Iowa through her allegations: "Plaintiff was at material times hereto a resident of Creston, Union County, Iowa. . . ." (Petition ¶2). Hook also alleges, "Defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart is a foreign corporation doing business in Iowa and across the country with its principal place of business and home office in Bentonville, Arkansas." (Petition ¶3). Wal-Mart indeed has its principal place of business in Bentonville, Arkansas and is a Delaware corporation, and is therefore a citizen of a state other than Iowa. As a result, there is complete diversity of citizenship between Plaintiff and Defendant so as to vest removal jurisdiction in this Court.

5.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs as Hook's Petition states she requests a judgment for equitable relief as well as:

> B.      An award of back pay and benefits pursuant to Iowa Code §§ 216.16(5) and 216.15(8) (2013) and the ADAAA;
>
> C.      An adjudication that reinstatement is not appropriate and in lieu thereof an award of reasonable front pay and benefits to Iowa Code §§ 216.16(5) and 216.15(8) (2013 and the ADAAA;
>
> D.      An award of compensatory damages, including emotional pain, suffering, inconvenience and mental anguish pursuant to Iowa Code §§ 216.16(5) (2013) and the ADAAA;
>
> E.      An award of pre-judgment interest as provided by law;
>
> F.      An award of offset, as an additional appropriate remedy pursuant to the Iowa Civil Rights Act for any and all income taxes due from her on account of the other damages and/or recovery awards herein;…

      H.     An adjudication that Plaintiff is entitled to reasonable attorney fees pursuant to Iowa Code § 216.16(5) (2013), and the ADAAA, as well as interest allowed by law and the costs of this action; and

      I.     Award such other and additional relief as the Court may deem just and proper.

(Petition, "Relief").

6.     This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446 within thirty days of service of the Petition.

7.     Defendant expressly reserves all defenses to Hook's claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction, or immunity, any other defense or avoidance, and does not waive any defense by this removal.

8.     Attached as Exhibit "A" and incorporated by reference is a true and correct copy of the state court pleadings served upon Defendant and removed by this notice. Defendant knows of no other pleadings or papers that have been served or filed with the Iowa District Court in and for Union County.

9.     Attached as Exhibit "B" is a true and correct copy of the Notice of Filing of Notice of Removal which has been served with this document on all parties and filed with the Iowa District Court in and for Union County.

10.    Attached as Exhibit "C" is Defendant's Notice Regarding State Court Matters pursuant to L.R. 81.

11.    Defendant states, pursuant to LR 81.1(a)(2), that the only matter pending in the state court at this time is Plaintiff's Petition (Exhibit A).

12.    Defendant designates Des Moines, Iowa as the place for trial.

WHEREFORE, Defendant notifies the Court of the removal of this action from the Iowa District Court in and for Union County to the United States District Court for the Southern District of Iowa, Central Division.

Dated this 1st day of October, 2014.

        WAL-MART STORES, INC. D/B/A WAL-MART, Defendant,


By: /s/ Heidi A. Guttau-Fox
     Heidi A. Guttau-Fox (IA# 15513)
     ICIS #AT0003021
     Christopher R. Hedican (IA# 16099)
     ICIS #AT0003470
of   BAIRD HOLM LLP
     1700 Farnam St, Ste 1500
     Omaha, NE  68102-2068
     Phone: 402-344-0500
     Facsimile:  402-344-0588
     hguttau-fox@bairdholm.com
     chedican@bairdholm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael J. Carroll, Esq.

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

/s/ Heidi A. Guttau-Fox

DOCS/1294298.1