

**Service of Process Transmittal**
09/09/2014
CT Log Number 525668013

TO: Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th Street, MS 0215
Bentonville, AR 72716-0215

RE: **Process Served in Iowa**

FOR: Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Hook Amy, Pltf. vs. Wal-Mart Stores, Inc., etc., Dft. |
| DOCUMENT(S) SERVED: | Notice, Attachment, Demand, Petition |
| COURT/AGENCY: | Iowa District Court - Union County, IA<br>Case # LACV017649 |
| NATURE OF ACTION: | Employee Litigation - Discrimination - Disability |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Des Moines, IA |
| DATE AND HOUR OF SERVICE: | By Process Server on 09/09/2014 at 13:11 |
| JURISDICTION SERVED: | Iowa |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service |
| ATTORNEY(S) / SENDER(S): | Michael J. Carroll<br>Hockenberg & Scalise, P.C.<br>2100 Westown Parkway<br>Suite 210<br>West Des Moines, IA 50265<br>515-453-1055 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 09/10/2014, Expected Purge Date: 09/15/2014<br>Image SOP<br>Email Notification, Candiss Golaszweski-CT West CLS-Verificationwest@WoltersKluwer.com<br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>400 East Court Avenue<br>Suite 110<br>Des Moines, IA 50309 |
| TELEPHONE: | 602-277-4792 |

Page 1 of 1 / JB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

IN THE IOWA DISTRICT COURT FOR UNION COUNTY

| AMY HOOK, | CASE NO. LACV017649 |
|---|---|
| Plaintiff, | |
| vs. | |
| WAL-MART STORES, INC., d/b/a WAL-MART, | ORIGINAL NOTICE |
| Defendant. | |
| TO THE ABOVE-NAMED DEFENDANT(S): | CT Corporation System<br>400 E. Court Ave.<br>Des Moines, Iowa 50309 |

You are notified that a Petition at Law has been filed in the office of the clerk of this court on 9/5/14, 2014, naming you as the defendant(s) in this action. A copy of the petition is attached to this notice. The name and address of the attorney for the plaintiff(s) is Michael J. Carroll of Coppola, McConville, Coppola, Carroll, Hockenberg & Scalise, P.C., 2100 Westown Parkway, Suite 210, West Des Moines, Iowa 50265. The attorney's phone number is 515-453-1055; facsimile number: 515-453-1059.

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Dallas County, at the courthouse on 300 North Pine, Creston, Iowa 50801. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (515) 286-3770. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

(SEAL)

_____
CLERK OF COURT
Union County Courthouse
300 North Pine
Creston, Iowa 50801

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

## STATE OF IOWA JUDICIARY

Case No. LACV017649
County Union

Case Title AMY HOOK VS. WAL-MART STORES, INC., D/B/A WAL-MART

THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:
http://www.iowacourts.state.ia.us/Efile

FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16: http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued  09/05/2014 08:45:28 AM



District Clerk of Union        County
/s/ Miranda Sleep

IN THE IOWA DISTRICT COURT FOR UNION COUNTY

| | |
|---|---|
| AMY HOOK,<br><br>     Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., d/b/a WAL-MART,<br><br>     Defendant. | CASE NO. LACV017649<br><br>**JURY DEMAND** |

COMES NOW the Plaintiff, Amy Hook, by and through her attorney Michael J. Carroll, and hereby demands a trial by jury of all the factual issues in this case.

Respectfully submitted,

*/s/ Michael J. Carroll*

MICHAEL J. CARROLL, AT0001311
COPPOLA, McCONVILLE, COPPOLA,
CARROLL, HOCKENBERG & SCALISE, P.C.
2100 Westown Parkway, Suite 210
West Des Moines, Iowa 50265
Telephone: (515) 453-1055
Facsimile: (515) 453-1059
ATTORNEY FOR PLAINTIFF

IN THE IOWA DISTRICT COURT FOR UNION COUNTY

| AMY HOOK, | CASE NO. LACV017649 |
|---|---|
| Plaintiff, | |
| vs. | |
| WAL-MART STORES, INC., d/b/a WAL-MART, SIE | PETITION AT LAW |
| Defendant. | |

Plaintiff, Amy Hook (hereinafter "Plaintiff" or "Hook"), in support of her Petition at Law against Defendant Wal-Mart Stores, Inc., d/b/a Wal-Mart (hereinafter "Defendant" or "Wal-Mart") states as follows:

## I. INTRODUCTION

1. This is an action by the Plaintiff against the Defendant alleging that Plaintiff was discriminated against because of her age, gender, and/or disability in violation of the Iowa Civil Rights Act, Iowa Code Chapter 216, Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended.

## II. PARTIES

2. Plaintiff was at material times hereto a resident of Creston, Union County, Iowa, and an employee of Wal-Mart.

3. Defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart is a foreign corporation doing business in Iowa and across the country with its principal place of business and home office in Bentonville, Arkansas.

4. Plaintiff worked at Defendant's Creston, Iowa location.

### III.   JURISDICTION AND VENUE

5.   This Court has jurisdiction over this matter as the value exceeds the small claims jurisdictional amount.

6.   Venue is appropriate in this court as the Defendant is doing business in Creston, Union County, Iowa.

### IV.   PROCEDURAL PREREQUISITES

7.   Plaintiff timely filed his administrative complaint with the Iowa Civil Rights Commission and was issued a right to sue letter.

### V.   FACTS

8.   Plaintiff began employment with Wal-Mart on August 22, 1988.

9.   Plaintiff held many jobs throughout her tenure with Wal-Mart.

10.   Plaintiff's last position with the Wal-Mart was Store Manager at the Creston, Iowa location.

11.   Until October 2013, Hook had a stellar career with the company.

12.   On October 8, 2013, Hook was contacted by her market manager Brian Mueller ("Mueller") and was asked to come into the store to participate in an investigation because she was "being mean" to management.

13.   Rumors began flying quickly as it became apparent who had complained about Hook and what the nature of the complaints were.

14.   Other area managers informed hook that one or both of the alleged complainers had caused such trouble in the past for other mangers.

15. Hook began suffering extreme depression and worry about what was happening at work so she went to the doctor who recommended a leave of absence of up to twelve weeks.

16. The same day that Hook went to the doctor, the company began the formal investigation at the Creston, Iowa location.

17. During her investigatory interview, it became obvious to Hook that she was being set up by an associate, Heather Holle ("Holle"), who had asked about another employee's work-related emergency room visit due to a stubbed toe.

18. Hook had remembered the encounter that came up at an extremely inopportune time and involved Hook telling Holle she was not going to enter the information at that time—they were too busy. She needed to get everything together and put it in.

19. Hook explained that the episode was being brought up to cover for Holle's performance and attendance issues.

20. Hook asked the investigators (Brian Mueller and Sherrill Wiley) if the investigation was really about the Holle incident. They told her that it wasn't.

21. Hook was confused about what was the issue of interest in the investigation and inquired whether she needed to offer to step down as other Store managers had for various reasons such as poor performance, high shrink, or other reasons.

22. A major factor in Hook's confusion was the fact that in all of her experience with Wal-Mart she had never suffered discipline, formal or informal.

23. On October 13, 2013, Hook turned in her FMLA paperwork.

24. On October 25, 2013, Mueller contacted Hook and told her that she was to come to a meeting at the Indianola market office to receive notice of her termination.

25. Hook informed Mueller that she would not go to a termination meeting while on a company approved FMLA.

26. After several confusing exchanges with Mueller, Hook received official notice of her termination from employment on November 13, 2013.

27. Wal-Mart's termination of Plaintiff because of her disability, gender, and/or age is a violation of both state and federal law.

28. At the time of her termination, other than the matter under investigation, Hook had only received positive performance appraisals and had never received any form of discipline.

## VI. CAUSES OF ACTION

### COUNT I

### DISABILITY, GENDER AND/OR AGE DISCRIMINATION IN VIOLATION OF THE IOWA CIVIL RIGHTS ACT, IOWA CODE CHAPTER 216

29. Plaintiff incorporates paragraphs 1 through 28 of this Petition as if fully set forth herein.

30. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of his or her disability.

31. Hook had a disability or was perceived as disabled as a result of situational anxiety and depression limiting her in one or more major life activities.

32. Defendant has discriminated against Plaintiff with respect to her compensation, terms and conditions of employment by terminating her employment because of her disability and by not accommodating her known disability, both of which are in violation of the Iowa Civil Rights Act.

33. Under the provisions of the Iowa Civil Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of gender or age.

34. Defendant has also discriminated against Plaintiff with respect to her compensation, terms and conditions of employment by terminating her employment because of her gender or age in violation of the Iowa Civil Rights Act.

35. Plaintiff suffered an adverse employment action when her employment was terminated.

36. A causal connection exists between Plaintiff's disability, gender, or age and the adverse employment action.

37. More particularly, Plaintiff believes that there are multiple examples of male employees with less superiority than she had at the time of her termination, who were allowed to "step-down" to lower ranking positions rather than suffer termination from employment.

38. As a proximate result of Defendant's actions, as outlined above, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity.

39. Plaintiff requests relief as more fully set forth below.

## COUNT II

### DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

40. Plaintiff incorporates paragraphs 1 through 39 of this Petition as if fully set forth herein.

41. Under the provisions of the ADAAA, it is unlawful for an employer to discriminate against an employee on the basis of his or her disability.

42. Hook had a disability or was perceived as disabled as a result of situational anxiety and depression limited in her in one or more major life activities.

43. Defendant has discriminated against Plaintiff with respect to her compensation, terms and conditions of employment by terminating her employment because of her disability or by not accommodating her known disability, both of which are in violation of the ADAAA.

44. Plaintiff suffered an adverse employment action when her employment was terminated.

45. A causal connection exists between Plaintiff's disability and the adverse employment action.

46. More particularly, Plaintiff believes that there are multiple examples of male employees with less superiority than she had and without disabilities, who were allowed to "step-down" to lower ranking positions rather than suffer termination from employment.

47. As a proximate result of Defendant's actions, as outlined above, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, loss of dignity, lost wages and benefits, and lost earning capacity.

48. Plaintiff requests relief as more fully set forth below.

### VII. RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment and seeks the following relief:

A. An adjudication that Plaintiff's discharge from employment, as set forth above, was an unfair and/or discriminatory practice within the meaning of Iowa Code § 216.6 (2013) and the ADAAA;

B. An award of back pay and benefits pursuant to Iowa Code §§ 216.16(5) and 216.15(8) (2013) and the ADAAA;

  C. An adjudication that reinstatement is not appropriate and in lieu thereof an award of reasonable front pay and benefits pursuant to Iowa Code §§ 216.16(5) and 216.15(8) (2013) and the ADAAA;

  D. An award of compensatory damages, including emotional pain, suffering, inconvenience and mental anguish pursuant to Iowa Code §§ 216.16(5) (2013) and the ADAAA;

  E. An award of pre-judgment interest as provided by law;

  F. An award of offset, as an additional appropriate remedy pursuant to the Iowa Civil Rights Act for any and all income taxes due from her on account of the other damages and/or recovery awards herein;

  G. An adjudication that Plaintiff is entitled to equitable relief in the form of orders and injunctive relief requiring Defendant to do the following:

    (i) Provide training to supervisory employees regarding how to effectively avoid discrimination in employment on the basis of disability, and to report to the court once every six months for a period of three years on the training provided and on its effectiveness;

    (ii) Require that all disciplinary decisions regarding employees employed by Defendant in Iowa be reviewed by an independent EEO agency for compliance with EEO laws and regulations prior to implementation;

    (iii) Monitor the environment in workplaces operated by Defendant in Iowa to assure that employees are not being treated unfairly based on disability, real or perceived, and report annually to the court for a period of three years on its monitoring; and

    (iv) Test and evaluate supervisory employees working for Defendant in Iowa to assure that they do not exhibit or act upon bias against the disabled or bigoted attitudes and opinions, do not tolerate disparate treatment based on disability, real or perceived, by their subordinates, and report annually for a period of three years on its testing and evaluating.

H. An adjudication that Plaintiff is entitled to reasonable attorney fees pursuant to Iowa Code § 216.16(5) (2013), and the ADAAA, as well as interest allowed by law and the costs of this action; and

I. Award such other and additional relief as the Court may deem just and proper.

Respectfully submitted,

_____
Michael J. Carroll                    AT0001311
Coppola, McConville, Coppola, Carroll,
Hockenberg & Scalise, P.C.
2100 Westown Parkway, Suite 210
West Des Moines, Iowa 50265
Telephone: (515) 453-1055
Facsimile: (515) 455-1059
E-mail: michael@csmclaw.com

ATTORNEY FOR PLAINITFF

Original filed.